FILED
10-30-2020
Clerk of Circuit Court
Outagamie County
2020CV000834

STATE OF WISCONSIN　　CIRCUIT COURT　　OUTAGAMIE COUNTY

JAN WESTBY,
W7196 KIRSCHNER ROAD
SHIOCTON, WISCONSIN 54170,

　　　　　　　　　　　　　　　　Plaintiff,

Case No._____
Class Code 30301

vs.

PATENAUDE & FELIX, A.P.C.
9619 CHESAPEAKE DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92123-1392

　　　　　　　　　　　　　　　　Defendant.

## SUMMONS

　　THE STATE OF WISCONSIN, to the said defendant:

　　You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

　　Within twenty (20) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the court, whose address is: Circuit Court Branch, Justice Center – 2nd Floor, 320 South Walnut Street, Appleton, Wisconsin 54911, and Francis R. Greene, Stern Thomasson, LLP, Plaintiff's attorney, whose address is: 3010 South Appleton Road, Menasha, Wisconsin 54952. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: October 30, 2020

        *s/ Francis R. Greene*
        Francis R. Greene (WI Bar # 1115577)
        STERN•THOMASSON LLP
        3010 South Appleton Road
        Menasha, Wisconsin 54952
        Telephone (973) 379-7500
        E-mail: Francis@SternThomasson.com

        *Attorney for Plaintiff, Jan. Westby*

FILED
10-30-2020
Clerk of Circuit Court
Outagamie County
2020CV000834

STATE OF WISCONSIN　　CIRCUIT COURT　　OUTAGAMIE COUNTY

JAN WESTBY,
W7196 KIRSCHNER ROAD
SHIOCTON, WISCONSIN 54170,

          Plaintiff,    Case No.: _____
                Class Code 30301
vs.

PATENAUDE & FELIX, A.P.C.
9619 CHESAPEAKE DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92123-1392

          Defendant.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, JAN WESTBY ("WESTBY") against Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION ("PATENAUDE"), based on the following:

### I. PRELIMINARY STATEMENT

1. This action arises from practices, engaged in by Defendant when attempting to collect consumer debts, that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

### II. PARTIES

2. WESTBY is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Shiocton, Outagamie County, Wisconsin.

3. PATENAUDE is a for-profit professional corporation formed under the laws of the State of California.

4. PATENAUDE maintains its principal place of business at 9619 Chesapeake Drive, Suite 300, San Diego, California 92123.

5. PATENAUDE's registered agent in Califonia is Raymond Patenaude, 9619 Chesapeake Drive, Suite 300, San Diego, California 92123.

### III. JURISDICTION & VENUE

6. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) and 15 U.S.C. § 692k(d).

7. The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. §801.05(d) because Defendant does business in Wisconsin.

8. Venue is appropriate in Outagamie County pursuant to Wis. Stat. § 801.50(2)(a) because the claim arose in Outagamie County.

### IV. FACTS

9. Plaintiff is alleged to have incurred and defaulted on a financial obligation to TD Bank, USA, N.A. ("TD Bank") as a successor in interest to Target National Bank. ("Target Obligation").

10. The alleged Target Obligation arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

11. PATENAUDE contends the Target Obligation is in default.

12. Sometime prior to February 10, 2020, the creditor of the Target Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to

PATENAUDE for collection.

13.     PATENAUDE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

14.     PATENAUDE is a high-volume debt collector.

15.     On or about February 10, 2020, PATENAUDE mailed a collection letter to Plaintiff ("the Letter") concerning the Target Obligation, which was dated February 10, 2020, and which Plaintiff received in the ordinary course of mail after February 10, 2020. A true and correct copy of the Letter is attached hereto as *Exhibit A*, except the Letter is partially redacted.

16.     Upon information and belief, the Letter was mailed, or caused to be mailed, to Plaintiff by persons employed by PATENAUDE as non-attorney "debt collectors" as defined by 15 U.S.C. § 1692a(6).

17.     The Letter stated, in relevant part: "Total Due: $1270.98."

18.     Directly below that, the Letter stated, in relevant part: "Minimum Due: $310.00."

19.     The Letter went on to state in relevant part:

> Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client. Because of interest, late charges, and other charges the amount due on the day you pay may be greater. Please call our office to get an exact payoff amount. In the event that an adjustment is necessary after we receive your payment, we will inform you prior to depositing your payment.

20.     The Letter does not disclose whatether PATENAUDE was seeking to collect the Total Due or only the Minimum Due.

21.     The Letter does not disclose what amount was required to cure any default or satisfy all past due payment obligations.

22. The Letter is confusing to the unsophisticated consumer because it does not make clear whether interest, late charges, and other charges were accruing on the Minimum Due or on the Total Due.

23. The fear of possible "interest and late charges" might influence an unsophisticated consumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018). For example, a rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately disclosed accurate information about how and in what amounts the Debt would or may be increasing.

24. PATENAUDE's use of form letters like the Letter—which fails to accurately state how and in what amounts the Debt could increase—competitively disadvantages debt collectors who collect debts without obscuring the fact those debts' balances may vary from day to day.

25. The Letter deprived WESTBY of truthful, non-misleading, information in connection with PATENAUDE's attempt to collect a debt.

26. The unsophisticated consumer would presume that the Letter was the work product of one or more licensed attorneys as it stated the "debt has been assigned to this firm to initiate collection efforts," and then refers to the creditor as "our client."

27. The letterhead referred to the "LAW OFFICES OF" PATENAUDE and described PATENAUDE as "A PROFESSIONAL LAW CORPORATION" (Emphasis in original).

28. The addresses of several PATENAUDE Law offices are listed below the letterhead, which would also lead the "unsophisticated consumer" to believe the Letter was the work product of one or more licensed attorneys at one those addresses listed.

29. The unsophisticated consumer would further presume that the Letter was in fact the work product of a licensed attorney as it was personally signed by "LAW OFFICE OF PATENAUDE & FELIX" and personally signed with a handwritten signature.

30. The Letter falsely implies that PATENAUDE is licensed to practice law and pursue legal remedies in the State of Wisconsin.

31. After receiving the Letter, the unsophisticated consumer would reasonably infer that TD Bank was proceeding aggressively to collect the Target Obligation.

32. The unsophisticated consumer would infer that TD was proceeding aggressively to collect the Target Obligation because TD Bank had incurred the expense of hiring a law firm, such as PATENAUDE, whose licensed attorneys had personally taken the time to review the particular circumstances of her account before writing them a letter and whose licensed attorneys were prepared to use the legal processes in Wisconsin to collect the debt.

33. An unsophisticated consumer would understand from the Letter that PATENAUDE was acting as a licensed attorney for TD Bank in communicating with a Wisconsin consumer concerning alleged debt.

34. From the Letter, an unsophisticated consumer would believe and expect that TD Bank had hired PATENAUDE for the express purpose of pursuing legal action against them if the debt remained unpaid.

35. From the Letter, an unsophisticated consumer would believe that if they failed to pay the amount of money demanded by PATENAUDE, then those lawyer(s), who she or he believed were licensed to practice law in the State of Wisconsin, would use the legal process with which they are familiar and for the use of which they are specifically trained to obtain a mandatory order of payment, which order would be enforceable by penalties within the power of

Wisconsin courts to impose.

36. The only purpose of the Letter was to scare unsophisticated consumers into believing that TD Bank had hired attorneys who were prepared to, and regularly do, sue consumers if quick arrangements are not made to pay their alleged debts.

37. The Letter falsely represents and implies that a licensed attorney was directly or personally involved in reviewing Plaintiff's file or account prior to mailing the Letter.

38. By the Letter, PATENAUDE intended to communicate a heightened aggressiveness to collect the Target Obligation as compared to dunning letters from non-attorney collection companies and intended that the unsophisticated consumer would react with a commensurate level of alarm and concern, thereby giving PATENAUDE an unfair business advantage over non-attorney debt collection companies who collect debts in the State of Wisconsin.

39. As Plaintiff understood the Letter, PATENAUDE raised the specter of potential legal action to collect the Target Obligation by sending a letter which prominently emphasized it is a large law firm with a number of offices around the country.

40. In fact, no person acting in the capacity of an attorney was involved in sending the Letter to Plaintiff.

41. Upon information and belief, as of the filing of this complaint, which is almost 9 months after the Letter, PATENAUDE has not filed any lawsuit against Plaintiff to recover the Target Obligation according to a search of Outagamie County Court records.

42. Sometime after receiving the Letter, Plaintiff became informed and now believes, and on that basis alleges, that the Letter is actually a computer-generated, mass-produced, letter that is sent to consumers at-large without any meaningful attorney review or involvement.

43. Plaintiff is informed and believes and, on that basis alleges, that PATENAUDE does not employ any attorneys who are licensed to practice law in the State of Wisconsin.

44. Plaintiff is informed and believes and, on that basis alleges, that with respect to consumers in the State of Wisconsin, PATENAUDE never pursues legal action concerning the debts it seeks to collect nor does TD Bank, USA, N.A. ever authorize PATENAUDE to pursue legal action.

45. Plaintiff is informed and believes, and on that basis alleges, that PATENAUDE acts solely as a debt collector and not in any legal capacity when sending collection letters to Plaintiff and other similarly situated consumers in the State of Wisconsin.

46. PATENAUDE deprived WESTBY of non-misleading information in connection with it's attempt to collect a debt.

## V.  CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

52. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

53. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

54. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

55. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

56. The use and mailing of *Exhibit A* by Defendant violated the FDCPA in one or more following ways:

> (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(2) Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(3) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation 15 U.S.C. § 1692e(10); and

(4) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

## VI. PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff demands judgment against Defendant. Specifically, Plaintiff seeks entry of an Order:

(1) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(3) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences; and

(4) Ordering such other and further relief as may be just and proper.

## VII. JURY DEMAND

58. Trial by jury is demanded on all issues so triable.

Dated: October 30, 2020

       *s/Francis R. Greene*
       *Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
  *Attorney for Plaintiff, Jan L. Westby*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com

FILED
10-30-2020
Clerk of Circuit Court
Outagamie County
2020CV000834

# *Exhibit A*

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.
A PROFESSIONAL LAW CORPORATION
4545 MURPHY CANYON ROAD, 3RD FLOOR, SAN DIEGO, CALIFORNIA 92123
TEL (858) 244-7600 OR (800) 832-7675 | FAX (858) 836-0318 | WEBSITE: WWW. PANDF.US

| ARIZONA | LOS ANGELES | NEVADA | NEW MEXICO | OREGON | PENNSYLVANIA | WASHINGTON |
|---|---|---|---|---|---|---|
| 3260 NORTH HAYDEN RD, SUITE #107 SCOTTSDALE, AZ 85251 TEL: (800) 832-7675 FAX: (480) 247-2783 | 6800 OWENSMOUTH AVE SUITE #290 CANOGA PARK, CA 91303 TEL: (813) 784-3366 FAX: (888) 906-7944 | 7271 W. CHARLESTON BLVD, SUITE #100 LAS VEGAS, NV 89117 TEL: (702) 952-2032 (800) 867-3092 FAX: (702) 992-6286 | 8500 MENAUL BLVD ,NE SUITE #A-313 ALBUQUERQUE, NM 87112 TEL: (800) 832-7675 FAX: (858) 836-0318 | 1615 SW 1st AVE SUITE. #205 PORTLAND, OR 97201 TEL: (503) 205-2676 (800) 832-7675 FAX: (503) 954-3586 | 501 CORPORATE DRIVE SOUTHPOINTE, SUITE 205 CANONSBURG, PA 15317 TEL: (412) 429-7675 (866) 772-7675 FAX: (412) 429-7679 | 19101 40th AVE WEST, SUITE #280 LYNNWOOD, WA 98036 TEL: (425) 361-1662 (800) 832-7675 FAX: (425) 967-3505 |

February 10, 2020

JAN WESTBY

███████████

SHIOCTON, WI 541709010

RE: Our Client:　　　　TD Bank USA, N.A. / Target Credit Card
　　Account ID Number:　00037741407
　　Total Due:　　　　　$1270.98
　　Minimum Due:　　　　$310.00

Dear JAN WESTBY:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client. Because of interest, late charges, and other charges the amount due on the day you pay may be greater. Please call our office to get an exact payoff amount. In the event that an adjustment is necessary after we receive your payment, we will inform you prior to depositing your payment. You can contact our office at (866) 606-3290 ext. 8900.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

**LAW OFFICE OF PATENAUDE & FELIX**

Patenaude & Felix, A.P.C. maintains office hours from 7am – 8pm Pacific Time (PT) Monday through Thursday, 8am – 5pm PT Friday and 8am – noon PT Saturday

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

**We are required under state law to notify consumers of the following information. This list does not contain a complete list of the rights consumers have under state and federal law.**

### California

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### Colorado

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNCIATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNCIATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

### New Mexico

We are required by New Mexico Attorney General Rule to notify you of the following information. This information is not legal advice. The debt may be too old for you to be sued on it in court. If it is too old, you can't be required to pay it through a lawsuit. You can renew the debt and start the time for the filing of a lawsuit against you to collect the debt if you do any of the following: make any payment of the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up ("waive") your right to stop the debt collector from suing you in court to collect the debt.